IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Garnett Lee Thompson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:11-1113-RMG |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from a final decision of the Commissioner of the Social Security Administration terminating previously granted disability benefits effective June 1, 2006. Plaintiff subsequently submitted a new application for disability benefits in September 2009, and the Commissioner granted the application effective February 27, 2009. Thus, this appeal deals with the denial of disability benefits from the period June 1, 2006 through February 26, 2009.

The matter was referred for pretrial handling to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 27, 2012 recommending that the Commissioner's decision be affirmed. (Dkt. No. 18). Plaintiff was advised that he had 14 days to file written objections to the R & R and the failure to submit timely written objections would result in a limited review of the R & R by the District Court and waiver of the right to appeal from the order of the District Court. (Dkt. No. 18-1). Plaintiff filed no timely objections to the R & R.

-1-

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* review of those portions of the R & R to which specific objection has been made. The Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review is limited, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings . . .". *Vitek v. Finch*, 438 F.2d at 1157-1158.

## Discussion

Plaintiff was initially awarded disability benefits effective August 23, 2002 following diagnosis and treatment for leukemia. An administrative determination was made by the Social Security Administration to discontinue Plaintiff's disability benefits effective June 1, 2006 because of his documented medical improvement. Plaintiff thereafter challenged the decision to discontinue his disability benefits. The administrative determination to discontinue Plaintiff's disability benefits was affirmed by the Administrative Law Judge ("ALJ") on May 20, 2009. Record [hereafter referred to as "R"] at 15-23. The ALJ advised Plaintiff that if subsequent medical conditions now rendered him disabled, he could submit a new application for disability benefits. Plaintiff submitted this new application in September 2009, and the Social Security Administration found Plaintiff disabled as of February 27, 2009.

Plaintiff challenges in this appeal the cessation of disability benefits from the period of June 1, 2006 until the granting of benefits under the new application effective February 27, 2009. Plaintiff's challenge focuses significantly on his psychiatric impairments, most particularly anxiety and depression. The ALJ found Plaintiff's leukemia was in remission. R. at 19. The ALJ further found that while Plaintiff had various "severe" impairments, including anxiety and depression, he was capable of performing his past relevant work as a warehouse worker. R. at 22. Such a finding is highly significant under the Social Security Act because if the claimant previously declared disabled can now perform his past relevant work, he is deemed to be no longer disabled. 20 C.F.R. § 404.1594(f)(7).

The ALJ made extensive reference to the voluminous record in this matter (exceeding 1,000 pages) in supporting his determination that Plaintiff was no longer disabled. The ALJ

noted documentation that Plaintiff's anxiety and depression had improved with medication and found that Plaintiff could perform a variety of tasks which required stamina, mobility and social interaction. R. at 19-22. The ALJ further analyzed the records and reports of various health care providers and consultants and found support for his conclusion that Plaintiff was not disabled. R. at 21-22. The ALJ's decision was affirmed by the Appeals Council, which noted that Plaintiff's subsequent 2009 application supported "a worsening in your condition beginning with February 27, 2009 . . .". Tr. at 3. The Appeals Council further found that the "medical evidence from 2006 supports a finding that your medical impairments imposed only moderate limitations." *Id.* The decision of the Appeals Council to affirm the ALJ's decision regarding the cessation of benefits effective June 1, 2006 through February 26, 2009 became the final decision of the Commissioner and is the issue now before the Court.

Despite Plaintiff's failure to file any written objections to the Commissioner's decision denying disability benefits, the Court reviewed the extensive medical record in this matter. While there are conflicting entries in the record, reflecting some waxing and waning of Plaintiff's anxiety and depression during the period in contest, there is certainly substantial evidence in the record to support the Commissioner's decision to discontinue disability benefits form June 1, 2006 until February 26, 2009. In fact, the record contains numerous entries indicating that Plaintiff's condition was stable, improving and well controlled with only mild or moderate limitations . R. at 380, 383, 547, 551-552, 1174, 1177, 1178, 1179, 1180, 1181, 1185, 1188, 1190, 1191. Thus, the decision of the Commissioner must be affirmed.

## Conclusion

Based upon the foregoing, the decision of the Commissioner is hereby **AFFIRMED**. (Dkt. No. 18).

    AND IT IS SO ORDERED.

                                            Richard Mark Gergel
                                            United States District Judge

May 15, 2012
Charleston, South Carolina